Farimah Faiz Brown, City Attorney (State Bar No. 201227)
Marc Shapp, Deputy City Attorney (State Bar No. 266805)
Laura Iris Mattes, Deputy City Attorney (State Bar No. 310594)
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6997
Facsimile: (510) 981-6960
Email: MShapp@berkeleyca.gov
       LMattes@berkeleyca.gov

Attorneys for Defendant
CITY OF BERKELEY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.<br><br>Defendants. | Case No. 4:25-CV-04449<br><br>**CITY OF BERKELEY'S RESPONSE TO STATEMENT ON OPPOSITION TO CITY'S MOTION TO DISMISS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Berkeley Homeless Union's ("BHU") Statement and Declaration of Anthony D. Prince Re Defendant's Motion to Dismiss ("Statement"), Dkt. No. 32, fails to adequately respond to the Court's August 19, 2025 Order directing BHU to show cause why the City of Berkeley's ("City") motion to dismiss should not be granted for failure to file a timely response, Dkt. No. 30. Since BHU has not articulated any valid basis for failing to respond to the City's motion to dismiss, that motion should be granted and the case dismissed with prejudice.

Pursuant to Rule 6 of the Federal Rules of Civil Procedure ("Rule"), after a deadline has passed a court may extend the time to act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In the Ninth Circuit, the Supreme Court's analysis of "excusable" neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) is

applicable to Rule 6(b). *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Because Congress has not specified what sorts of actions constitute excusable neglect, the Court's "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. "Although not required to specifically articulate the *Pioneer* standard, courts must at least engage with the equitable factors identified in that case."[1] *In re PG&E Corp.*, 651 B.R. 448, 453 (N.D. Cal. 2023).

The Supreme Court interprets "neglect" as "negligence." *See Briones*, 116 F.3d at 381. BHU's Statement establishes a deliberate *choice* to ignore the filing deadline, and therefore there is no negligence that can be excused. BHU does not claim ignorance of the deadline, nor does BHU or its attorney assert any factors outside of their control that prevented them from timely opposing the City's motion to dismiss. Rather, BHU's Statement evidences a strategic decision by BHU's counsel to ignore the deadline while prioritizing other matters. BHU does not explain why it did not request a stipulation or file a motion to extend its filing deadline.

Not only should the Court grant the City's motion to dismiss based on BHU's non-opposition, but it should do so with prejudice. For one, BHU has demonstrated a pattern of failing to meet deadlines in this case. As the Court may recall, the parties stipulated to a briefing schedule on BHU's preliminary injunction motion whereby BHU committed to file its reply brief on June 4, 2025. Dkt. No. 12 at 2. BHU's brief was not filed until June 5, 2025. Dkt. No. 14. Then, the Court ordered the parties to file simultaneous briefs on the issue of BHU's entitlement to a jury trial. Dkt. No. 21. The City complied and timely filed a brief on July 22, 2025. Dkt. No. 22. BHU never submitted a brief or any other response. *See* Dkt. No. 23 at 1. BHU's failure to timely oppose the City's motion to dismiss is a "third strike" that warrants dismissal with prejudice.

Moreover, BHU's Statement admits that the encampment at issue in this case no longer exists, and alludes to potential new claims that are "bound to appear again." Dkt. No. 32 at 2.

---

[1] "These include . . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 570 U.S. at 395.

1  New claims must be raised in a new lawsuit, and so there is no reason to permit amendment of the
2  operative Complaint.
3      Finally, even if the Court were to grant BHU permission to file a late opposition to the
4  motion to dismiss (notwithstanding the prejudice to the City of granting BHU so much extra time
5  for briefing), there would be no reason to continue the hearing. The hearing is set for October 23,
6  2025, giving the Court ample time to receive and review opposition and reply briefs.

Dated: August 28, 2025

BERKELEY CITY ATTORNEY'S OFFICE

By: _____
FARIMAH F. BROWN
City Attorney
MARC SHAPP
Deputy City Attorney
LAURA IRIS MATTES
Deputy City Attorney

Attorneys for Defendants THE CITY OF BERKELEY