UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY HOMELESS UNION,<br>Plaintiff,<br>v.<br>CITY OF BERKELEY, et al.,<br>Defendants. | Case No. 25-cv-04449-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Despite multiple warnings, Plaintiff Berkeley Homeless Union has repeatedly failed to comply with the Court's orders. For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

I.  **BACKGROUND**

Plaintiff filed a complaint against the City of Berkeley and several individual defendants (collectively, "Defendants") in May 2025, seeking a temporary restraining order and preliminary injunction of Defendants' efforts to relocate an unhoused encampment at Ohlone Park. *See* Dkt. No. 1 at 3. The Court denied Plaintiff's motions for a temporary restraining order and a preliminary injunction. *See* Dkt. No. 8 (denying TRO); Dkt. No. 18 (denying preliminary injunction).[1]

The Court then directed Plaintiff to serve the summons and complaint on Defendants by July 11, 2025, and to file a brief discussing whether Plaintiff was entitled to a jury trial. Dkt. No. 21. Plaintiff had not submitted proof of service of Defendants by August 1, so the Court directed Plaintiff to submit a certificate of service by August 5 and scrupulously comply with all future

---

[1] Plaintiff filed its reply in support of its motion for a preliminary injunction after the deadline. *See* Dkt. No. 14.

deadlines. Dkt. No. 24. Plaintiff never complied with the Court's order to brief the jury trial issue.

Defendant filed a motion to dismiss. *See* Dkt. No. 25. After Plaintiff failed to timely oppose or otherwise respond to the motion, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. *See* Dkt. No 30. Plaintiff timely responded to the order to show cause, stating, in effect, that it was understaffed and busy with other ongoing disputes with the City of Berkeley. *See* Dkt. No. 32. Plaintiff requested additional time to file an opposition. *Id.* The Court granted Plaintiff an additional week to file an opposition and reminded the Plaintiff that a busy schedule did not excuse a lack of diligence in a case that Plaintiff chose to bring. *See* Dkt. No. 34. The Court warned Plaintiff that failure to meet the extended deadline would likely result in dismissal for failure to prosecute without additional notice. *Id.* Despite this warning, Plaintiff did not file a response by the deadline.

II.  **DISCUSSION**

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik,* 963 F.2d at 1260–61. Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Plaintiff failed to file an opposition to Defendants' motion to dismiss and has repeatedly failed to meet court deadlines. *See* Dkt. Nos. 24, 30, 34. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See id.* This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has demonstrated such "routine noncompliance" by failing to oppose the motion to dismiss and comply with the Court's orders by the deadlines set. This non-compliance has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* This factor also weighs in favor of dismissal.

Third, to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with the order to be "groundless," justifying dismissal. *Id.* And in *Yourish,* which also involved plaintiffs who failed to obey a court order, the court concluded the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991–92. Here, Plaintiff has failed to oppose the motion to dismiss and obey the Court's orders, and its excuse for noncompliance—its purportedly busy schedule—was unsatisfactory. This factor therefore weighs in favor of dismissal.

3

Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. The Court warned Plaintiff to comply with future deadlines after it failed to timely submit proof of service. *See* Dkt. No. 24. The Court then entered an order to show cause when Plaintiff failed to respond to the motion to dismiss, expressly warning Plaintiff that its case was at risk of dismissal for failure to prosecute and giving it a week to respond. *See* Dkt. No. 30; *Ferdik*, 963 F.2d at 1262 (holding that warning a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement). And despite an unsatisfactory response, the Court then granted Plaintiff an additional week to file its opposition to Defendants' motion to dismiss, explicitly warning Plaintiff that it would likely dismiss the case if Plaintiff missed the extended deadline. *See* Dkt. No. 34. This factor therefore weighs in favor of dismissal.

Lastly, while "[p]ublic policy favors disposition of cases on the merits," such that "this factor weighs against dismissal," Plaintiff is not precluded from litigating these claims when it is prepared to do so in compliance with the Court's orders. *See Pagtalunan*, 291 F.3d at 643.

### III. CONCLUSION

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate. The Court thus **DISMISSES** this case without prejudice to renewal under Fed. R. Civ. P. 41(b). This Order **TERMINATES AS MOOT** Defendants' motion to dismiss, Dkt. No. 25. The Clerk shall enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: September 15, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge